**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

BAUTISTA REO PR CORP.

**Plaintiff**

v.

SYLAR CORPORATION; AMERICAN TOOLS, INC.; ARMANDO CEPEDA-CHEMBI; his wife SYLVIA CEPEDA-BENAVIDES; and the legal conjugal partnership CEPEDA-CEPEDA

**Defendants**

**CIVIL NO.** 16-3109(RAM)

<u>**OPINION AND ORDER GRANTING DEFAULT JUDGMENT**</u>

RAÚL M. ARIAS-MARXUACH, District Judge

This matter comes before the Court on Plaintiff Bautista REO PR Corp.'s ("Plaintiff" or "Bautista REO") *Motion for Default Judgment* as to co-defendant American Tools, Inc. ("American Tools"). (Docket No. 73). Having reviewed the record, the Court **GRANTS** Plaintiff's *Motion for Default Judgment* at Docket No. 73.

**I.   PROCEDURAL BACKGROUND**

On December 8, 2016, Bautista Cayman Asset Company ("Bautista") filed a *Complaint* for collection of moneys and foreclosure of collateral against American Tools, Inc., Sylar Corporation, Armando Cepeda-Chembi, Sylvia Cepeda-Benavides and the Conjugal Partnership Cepeda-Cepeda (collectively "Defendants"). (Docket No. 1).

On February 8, 2017, Bautista certified having served summons and the *Complaint* on American Tools on January 11, 2017. (Docket No. 13). Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), American Tools was required to file an answer or responsive pleading **on or before February 1, 2017** (*i.e.*, within 21 days after being served with the summons and complaint). However, **no such answer or responsive pleading was filed.**

On February 8, 2017, Bautista filed a *Motion to Stay Proceeding Against Guarantor, American Tools, Inc.* ("*Motion to Stay*") as Bautista received a notice that American Tools had filed for bankruptcy under Case Num. 16-08071-BKT11 (the "First American Tools Bankruptcy Case") in the United States Bankruptcy Court for the District of Puerto Rico (the "Bankruptcy Court"). (Docket No. 17). On February 24, 2017, the Court entered an order granting the *Motion to Stay* and directing Bautista to inform the Court "if and when the automatic stay is lifted or no longer in effect due to the dismissal of the bankruptcy case". (Docket No. 19).

On August 14, 2017, Partial Final Default Judgment was entered against co-defendants Sylar Corporation, Armando Cepeda-Chembi, Sylvia Cepeda-Benavides and the Conjugal Partnership Cepeda-Cepeda. (Docket No. 51). Therefore, American Tools is the only remaining co-defendant.

On July 6, 2018, an order dismissing the First American Tools Bankruptcy Case was entered. On September 11, 2019, American Tools filed for bankruptcy again in the Bankruptcy Court, under Case Num. 19-05202-BKT11 (the "Second American Tools Bankruptcy Case" and together with the First American Tools Bankruptcy Case, the "American Tools Bankruptcy Cases"). (Docket No. 64 ¶¶ 15-16).

On September 25, 2019, American Tools moved to voluntarily dismiss the Second American Tools Bankruptcy Case and on October 15, 2019, the Bankruptcy Court dismissed it. Id. ¶ 17. American Tools obtained neither confirmation of any Chapter 11 plan or any type of discharge in the American Tools Bankruptcy Cases. Id.

On March 9, 2022, Bautista filed a *Motion for Substitution of Party* asking the Court to be substituted by Bautista REO for any and all purposes. (Docket No. 63).[1] The following day, Bautista filed a *Motion for Order Vacating Judgment Staying Case as to American Tools, Inc. and for Entry of Default Pursuant to Fed. R. Civ. P. 55(a)* ("*Motion to Vacate Stay and for Default Entry*"). (Docket No. 66).

On March 10, 2022, the case was transferred to the undersigned. (Docket No. 65). On September 7, 2022, the Court granted both Bautista's *Motion for Substitution of Party*, thereby

---

[1] The basis of this motion was that on January 3, 2022, Bautista and Bautista REO executed a Distribution and Contribution Agreement whereby Bautista REO acquired all the rights, title, and interests in the loan and collateral documents that are object of the litigation in the captioned case.

substituting it with Bautista REO as Plaintiff in this case, and it's *Motion to Vacate Stay and for Default Entry.* (Docket Nos. 68 and 69). The Clerk of the Court issued Entry of Default against American Tools on September 9, 2022. As of today, American Tools has failed to answer the *Complaint* or otherwise file any pleading in this case. In compliance with this Court's order, Bautista REO filed a *Motion for Default Judgment* on September 16, 2022. (Docket No. 73).

## II.  APPLICABLE LAW

### A. Default Judgment

Pursuant to Fed. R. Civ. P. 55(b)(1), "a plaintiff 'must apply to the court for a default judgment' where the amount of damages claimed is not a sum certain." Vazquez-Baldonado v. Domenech, 792 F. Supp. 2d 218, 221 (D.P.R. 2011) (quoting Fed. R. Civ. P. 55(b)). In the case at bar, Plaintiff seeks a certain amount of damages, namely the amount of $3,776,848.24, consisting of $1,650,022.23 of principal in connection with the Loan Agreement and the Guaranty, and $2,126,826.01 of interest and other charges, as of September 16, 2022.

"The default of a defendant constitutes an admission of all facts well-pleaded in the complaint." Metro. Life Ins. Co. v. Colon Rivera, 204 F. Supp. 2d 273, 274 (D.P.R. 2002) (collecting cases). *See also* Franco v. Selective Ins. Co._,_ 184 F.3d 4, 9 n. 3 (1st

Cir. 1999) ("[a] party who defaults is taken to have conceded the truth of the factual allegations in the complaint"). However, following entry of default, the court may independently "examine a plaintiff's complaint, taking all well-pleaded factual allegations as true, to determine whether it alleges a cause of action." Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002) (citing Quirindongo Pacheco v. Rolon Morales, 953 F.2d 15, 16 (1st Cir.1992)).

### III. FINDINGS OF FACT[2]

Accordingly, the Court makes the following findings of fact:

1. On February 27, 2015, the Office of the Commissioner of Financial Institutions closed the operations of Doral Bank ("Doral") and named the Federal Deposit Insurance Corporation ("FDIC") as receiver. (Docket No. 1 ¶ 10).

2. On March 27, 2015, Bautista executed an agreement with the FDIC through which it acquired certain assets of Doral & Doral Mortgage LLC, including, among others, the credit relationships between Doral, Doral Mortgage LLC, and American Tools. Id. ¶ 11.

3. On December 30, 2009, Sylar Corporation ("Sylar") executed a loan agreement (the "Loan Agreement") with Doral. Through the

---

[2] References to a Finding of Fact shall be cited as follows: (Fact ¶ _).

Loan Agreement, Doral provided to Sylar a credit facility in the principal amount of $1,730,000.00. (Docket No. 9-1).

4. Pursuant to the Loan Agreement, in the event of any default with the terms, obligations or covenants under the Loan Agreement, Doral may take any action in law or equity to collect any and all of Sylar's obligations or indebtedness under the Loan Agreement. Id. at 11.

5. The principal amount due under the Loan Agreement is evidenced by a promissory note in the amount of $1,730,000.00 issued by Sylar to the order of Doral Mortgage LLC (the "Promissory Note"). (Docket No. 9-2).

6. On December 30, 2009, American Tools executed a Continuing and Unlimited Guarantee (the "Guaranty") to jointly and severally guarantee to Doral the payment of all of the obligations under the Loan Agreement, authenticated under affidavit number 2,000 of Notary Public Gadiel O. Rosario Rivera, thereby making American Tools a joint guarantor of Sylar's obligations under the Loan Agreement. (Docket No. 9-6).

7. American Tools and the rest of the co-defendants in the captioned case defaulted on their obligations under the Loan Agreement as they failed to pay the amounts due therein under

the terms and conditions of the Loan Agreement. (Docket No. 1 ¶ 22).

8. As a result, on September 6, 2016, Bautista sent a letter (the "Letter") to Defendants to the addresses provided for notices under the Loan Agreement. The Letter detailed the various events of default under the Loan Agreement including, but not limited to, Defendants' failure to pay and satisfy the amounts of principal and interest when due under the Loan Agreement. (Docket No. 1-7).

9. Therefore, all of the obligations under the Loan Agreement are immediately and automatically due, owed, and payable.

10. On January 3, 2022, Bautista, Bautista Cayman Holding Company and Bautista REO entered into a certain Distribution and Contribution Agreement pursuant to which all rights, title and interests in the loan and collateral documents in connection therewith that are object of this litigation were transferred to Bautista REO. (Docket No. 63).

## IV.  DISCUSSION

Per the terms of the Guaranty executed on December 30, 2009, American Tools is jointly and severally liable for all of the obligations under the Loan Agreement. (Fact ¶ 6). American Tools, along with the co-defendants, defaulted on their obligations under the Loan Agreement by failing to pay the amounts required by the

terms and conditions of the Loan Agreement. Id. Moreover, American Tools breached its repayment obligation with Bautista REO under the Puerto Rico Civil Code and the Puerto Rico Mortgage Law.

In accordance with the above, and pursuant to Fed. R. Civ. P. 55(b)(1), as of September 16, 2022, Bautista REO is entitled to judgment as a matter of law against American Tools, and the other co-defendants, for the amount of $3,776,848.24, consisting of $1,650,022.23 of principal in connection with the Loan Agreement and the Guaranty, and $2,126,826.01 of interest and other charges, which will continue to accrue interest daily until indefeasible payment in full. (Docket No. 73-1).

American Tools is further forbidden from alienating, transferring or further encumbering any real property or personal property or from causing others to alienate, transfer or further encumber any personal property owned by American Tools, outside of the ordinary course of business, pending the outcome of this lawsuit.

Pursuant to 28 U.S.C. § 1961, the aforementioned amounts will accrue interest from the date of this judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the entry of judgment. Interest

Civil No. 16-3109(RAM)                                                    9

shall be computed daily until the date of payment and compounded annually.

### V.   CONCLUSION

In light of the above, the Court **GRANTS** Plaintiff's *Motion for Default Judgment* against co-defendant American Tools, Inc. at Docket No. 73. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 8th day of December 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge